IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RALPH T. LINDER, Jr. # M34941,      )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )   Case No. 15-cv-00992-NJR
                                     )
WEXFORD HEALTH SOURCES, INC.         )
and VIENNA CORRECTIONAL CENTER,      )
                                     )
            Defendants.              )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ralph Linder, Jr., an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff claims that members of the medical staff at Vienna Correctional Center failed to properly diagnose and treat a spider bite in 2014. (Doc. 1, p. 5). Plaintiff now sues Vienna Correctional Center and Wexford Health Sources, Inc. for denying him adequate medical care under the Eighth Amendment. Plaintiff seeks monetary damages. *Id*. at 6.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon preliminary review, the Court finds that the complaint fails to pass muster under § 1915A and shall be dismissed.

## The Complaint

During his incarceration at Vienna on August 29, 2014, Plaintiff visited the healthcare unit ("HCU") for treatment of a spider bite on his chest. (Doc. 1, p. 5). The treating physician and nurses diagnosed him with a boil or an infected hair follicle. They allegedly refused to diagnose Plaintiff with a spider bite simply because he did not bring the spider to the appointment.

Plaintiff returned to the HCU on November 4, 2014. Nurse Mailig examined the wound and agreed with Plaintiff's self-diagnosis. She also diagnosed him with a spider bite. Because of the delay in proper diagnosis, Plaintiff did not receive timely treatment for the bite. To date, he is still undergoing unspecified treatment.

Plaintiff now sues Vienna and Wexford for failing to properly diagnose and treat his spider bite. He claims that the denial of adequate medical care violated his rights under the Eighth Amendment. He seeks monetary damages. *Id*. at 6.

## Discussion

The complaint fails to articulate a colorable Eighth Amendment claim (**Count 1**) against either defendant. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As a result, the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a medical needs claim, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff names only two defendants in connection with his Eighth Amendment claim, i.e., Vienna and Wexford. He sues both for money damages. The Eleventh Amendment bars

suits against states in federal court for money damages, however, and Vienna is a division of a state agency, i.e., the Illinois Department of Corrections. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). As such, it is not a "person" within the meaning of the Civil Rights Act and is not subject to a § 1983 suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Vienna shall therefore be dismissed from this action with prejudice.

Plaintiff also cannot pursue a claim against Wexford simply because it "contracted to handle healthcare for all D.O.C. facilities," as the complaint alleges. (Doc. 1, p. 1). This theory of liability hinges on the doctrine of *respondeat superior*, which is not recognized under § 1983. *Kinslow*, 538 F.3d at 692; *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014). A private corporation that contracts to provide essential government services cannot be held liable under § 1983 unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields*, 746 F.3d at 789. The complaint alludes to no policy or custom of Wexford that resulted in Plaintiff's denial of adequate medical care. Wexford shall therefore be dismissed without prejudice.

Because the complaint fails to state a claim upon which relief may be granted against either defendant, it shall be dismissed. The dismissal shall be without prejudice, however, and Plaintiff is granted leave to file an amended complaint. If he chooses to do so, Plaintiff must file an amended complaint that identifies the individual prison employee(s) at Vienna who were directly, personally involved in denying him adequate medical care in violation of the Eighth Amendment. A defendant may only be liable for deliberate indifference if he or she *knew* about a substantial risk of harm to Plaintiff, yet consciously disregarded that risk. *Farmer*, 511 U.S. at 842; *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Negligence, or even gross negligence, does not violate the Constitution. *Davidson v. Cannon*, 474 U.S. 344 (1986).

The fact that Plaintiff may not know the exact names of the defendants does not prevent him from pursuing claims against them. For pleading purposes, he can identify each individual using a generic name, e.g., "Doctor John Doe," "Nurse John Doe," etc. *See Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). He should refer to each defendant consistently in the case caption and throughout the pleading and simply explain what each defendant did to violate his Eighth Amendment rights. Once he identifies each defendant by name during discovery, Plaintiff may file a motion to substitute the proper party in place of the generic designation in the amended complaint.

Here, the names of the healthcare providers are listed in the medical records that Plaintiff filed with the complaint. Given this, Plaintiff may already have access to the names of each defendant. Regardless, he must identify each (generically or specifically) and set forth exactly what he or she did to violate Plaintiff's rights under the Eighth Amendment. Until he does, the Court cannot allow Plaintiff's claim(s) to proceed.

## Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which is hereby **DENIED without prejudice**. According to the motion, Plaintiff has undertaken no efforts to find an attorney to represent him and simply seeks representation because he is "not legally inclined" to proceed *pro se*. (Doc. 3, p. 2). Should the Plaintiff try and fail to obtain representation on his own, he may renew his request by filing a new motion that explains why he is unable to proceed without representation in this matter.

Plaintiff has filed a motion for service of process at government expense (Doc. 4), which is hereby held in **ABEYANCE** pending the Court's receipt of an amended complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED with prejudice**, and **WEXFORD HEALTH SOURCES, INC.** is **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before November 13, 2015.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the medical needs claim (**Count 1**) will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** October 9, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**