IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RALPH T. LINDER, Jr. # M34941,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00992-NJR |
| ) | |
| **NURSE CAROL, NURSE JUNE,** ) | |
| **NURSE DARLENE, P. FRANKLIN,** ) | |
| **NURSE TRACY, L. KLUGEKA,** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **JANE DOES and JOHN DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court for consideration is the First Amended Complaint filed by Plaintiff Ralph Linder, Jr. (Doc. 10). In it, Plaintiff alleges that members of the medical staff at Vienna Correctional Center ("Vienna") failed to properly diagnose and treat his spider bite in 2014. As a result, the wound never healed. Plaintiff now brings this civil rights action pursuant to 42 U.S.C. § 1983 against Wexford Health Sources, Inc. ("Wexford") and members of Vienna's medical staff, all of whom he claims exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment. (*Id*. at 14).

This case is now before the Court for preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**First Amended Complaint**

According to the amended complaint, Plaintiff was bitten by a brown recluse spider while sleeping in his bed at Vienna on August 14, 2014.[1] (Doc. 10 at 7). The bite stirred Plaintiff from his slumber. He turned on the light, spotted the spider, and killed it.

Plaintiff soon notified prison officials and medical staff about the spider bite. At 3:30 a.m., he spoke with Officer Hartline, as the officer prepared Plaintiff for "diabetic line." (*Id*.). Officer Hartline instructed Plaintiff "to tell the nurse(s) at medical when you go over there at diabetic-line for your treatment." (*Id*.). At 4:00 a.m., Plaintiff spoke with Nurse Carol about the bite. She informed Plaintiff that there was nothing she could do even if the bite was serious, and she recommended that Plaintiff submit a nurse sick call slip. (*Id*. at 7-8).

Plaintiff submitted a sick call slip as directed, but he was not called to Vienna's health care unit for an appointment to address his spider bite for another two weeks. In the meantime, Plaintiff "ma[d]e it known" that the spider bite was causing swelling, redness, chest pain, and body pain. He described these symptoms to Nurses Jamie, June, Tammy, Franklin, Darlene, Carol, and other unknown nurses ("Nurses Jane Doe"). (*Id*. at 8). Plaintiff told them that he believed the symptoms presented an emergency situation. Even so, the nurses told Plaintiff that there was nothing they could do.

Plaintiff was finally called to the health care unit on August 28th. (*Id*. at 9). There, he met with Nurse Tracy. After hearing his description of the bite and his symptoms, Nurse Tracy examined Plaintiff's wound, but opined that it "was not deep enough to be a spider bite." (*Id*.). She refused to diagnose a spider bite unless Plaintiff produced the dead spider for her inspection. Plaintiff was instead diagnosed with a boil or an infected hair follicle.

---

[1] All of the events giving rise to this action occurred in 2014.

According to the amended complaint, Nurse Tracy allowed Plaintiff to meet with Nurse Klugeka on August 24th. (*Id*. at 10). Prior to the appointment, Nurse Tracy told Nurse Klugeka that the wound on Plaintiff's chest was a boil. Nurse Klugeka examined the wound and prescribed Bactrim for ten days.

Plaintiff met with Nurse Franklin on September 21st. By this time, the "boil" had popped, leaving a 2-3 centimeter deep wound on Plaintiff's chest. Still, the nurse refused to treat the wound as a spider bite, insisting that it was a boil.

Plaintiff was seen by an unknown doctor ("Doctor John Doe") and an unknown nurse ("Nurse Jane Doe") several times between September 22nd and October 15th. He was given another prescription for Bactrim, which proved to be ineffective. On October 18th, his medical records indicate that he was suffering from an "unresolved infection," despite his insistence that it was a spider bite. (*Id*. at 12).

On November 4th, Nurse Maily finally diagnosed Plaintiff with a spider bite. Because of the delay in proper diagnosis, treatment has been difficult. Doctor Power and Nurse Maily initially decided to treat the wound with silver sulfadiazine medical cream,[2] which is typically used to treat burns. The cream was ineffective. Since transferring to Pinckneyville Correctional Center ("Pinckneyville"), Plaintiff's wound has been closely monitored by medical staff and treated with Bactrim and bandages. Even so, it has not yet healed.

In connection with these events, Plaintiff now sues the following defendants for displaying deliberate indifference to his medical needs in violation of the Eighth Amendment: Wexford, Nurse Carol, Nurse June, Nurse Darlene, Nurse Franklin, Nurse Tracy, Nurse Klugeka,

---

[2] This ointment is used to treat infections of second- and third-degree burns. It also kills a wide variety of bacteria. *See* https://www.nlm.nih.gov/medlineplus/druginfo/meds.

as well as numerous unknown nurses ("Nurses Jane Doe") and doctors ("Doctors John Doe"). He seeks monetary damages. (*Id*. at 14).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in the amended complaint into a single count, as set forth below.

> **Count 1:** **Defendants exhibited deliberate indifference to Plaintiff's spider bite, in violation of the Eighth Amendment, when they delayed proper diagnosis and treatment of the bite at Vienna in 2014.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count should not be construed as an opinion regarding its merit.

## Discussion

The Eighth Amendment "imposes a duty on government officials to provide medical care to prisoners." *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical needs with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 104).

An Eighth Amendment medical claim contains both an objective and a subjective component. To satisfy the objective component, a prisoner "must demonstrate that his medical condition is 'objectively sufficiently serious.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or

would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). For screening purposes, Plaintiff's spider bite, which resulted in infection, swelling, and pain, satisfies the objective component of this claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (layperson would recognize as sufficiently serious a "purulent draining infection" accompanied by extreme pain and high fever). *But see Jellis v. Hulick*, 422 Fed. Appx. 548, 550 (7th Cir. 2011) ("two-centimeter, day-old [spider] bite does not . . . compare to those [injuries] that this court has found would be obvious to a lay person").

Turning to the subjective component, the Seventh Circuit has held that a prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 411 F.3d at 653. Neither "medical malpractice nor mere disagreement with a doctor's medical judgment" is sufficient to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 106; *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

The complaint suggests that the individuals named as defendants may have responded to Plaintiff's spider bite with deliberate indifference. At this stage, Count 1 shall proceed against Defendants Nurse Carol, Nurse June, Nurse Darlene, Nurse Franklin, Nurse Tracy, Nurse Klugecka, Nurses Jane Doe, and Doctor John Doe (who treated Plaintiff between September 22nd and October 15th).

But Plaintiff cannot proceed with Count 1 against Wexford. Although Wexford is listed as a defendant in the case caption, Plaintiff did not mention this defendant in his statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). "A plaintiff cannot state

a claim against a defendant by including the defendant's name in the caption." *Id*.

Further, Plaintiff cannot proceed with a claim against Wexford simply because it provides medical services at Vienna. This theory of liability hinges on the doctrine of *respondeat superior*, which is not recognized under § 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014). A private corporation that contracts to provide essential government services cannot be held liable under § 1983 unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields*, 746 F.3d at 789. The amended complaint alludes to no policy or custom of Wexford that resulted in Plaintiff's inadequate medical care. Count 1 shall therefore be dismissed against Wexford with prejudice.

This claim is also considered dismissed without prejudice against any other individual who is not named as a defendant. In the statement of claim, Plaintiff referred to numerous individuals who are not listed as defendants in this action. These individuals include Officer Hartline, Doctor Power, Nurse Maily, Nurse Jamie, and Nurse Tammy, among others. When parties are not identified as defendants in the caption, this Court will not treat them as parties to the action, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption"). Accordingly, Count 1 is considered dismissed without prejudice against these individuals.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against the unknown nurses ("Nurses Jane Doe") and doctor ("Doctor John Doe") at Vienna who allegedly exhibited deliberate indifference toward Plaintiff's spider bite in 2014, but these individuals must be

identified with particularity before service of the complaint can be made on them. Where a prisoner's complaint states specific allegations against individual prison staff members sufficient to raise a constitutional claim against the unknown defendants, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those individuals. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In this case, guidelines for discovery aimed at identifying Nurses Jane Doe and Doctor John Doe will be set by the United States Magistrate Judge, so that Plaintiff can identify these parties with particularity. All other defendants shall promptly respond to discovery, formal or otherwise, aimed at identifying these unknown defendants. Once identified, Plaintiff shall file a motion to substitute the unknown defendants referred to in the amended complaint with the specific names of each defendant throughout the pleading.

## Pending Motions

**1. Motion for Service of Process (Doc. 4)**

Plaintiff has filed a Motion for Service of Process at Government Expense, which is hereby **GRANTED in part**, with respect to Nurses Carol, June, Darlene, Franklin, Tracy, Klugecka, Doctor John Doe, and Nurses Jane Doe (once their names are discovered), and **DENIED in part**, with respect to all other defendants.

**2. Motion to Compel (Doc. 11)**

Plaintiff also filed a Motion to Compel IDOC to Take Photos of Injury, which shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

## Disposition

**IT IS HEREBY ORDERED** that Defendant **WEXFORD HEALTH SOURCES, INC.** is **DISMISSED with prejudice** from this action because the complaint fails to state a claim

against this defendant upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **NURSE CAROL, NURSE JUNE, NURSE DARLENE, NURSE FRANKLIN, NURSE TRACY,** and **NURSE KLUGECKA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Service shall not be made on the Unknown Defendants (*i.e.*, Nurses Jane Doe or Doctor John Doe) until such time as Plaintiff has identified them by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the pending Motion to Compel IDOC to Take Photos of Injury (Doc. 11) and discovery aimed at identifying the unknown defendants (Nurses Jane Doe and Doctor John Doe), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**