IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH T. LINDER, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:15-cv-992-NJR-DGW |
| | ) |
| NURSE CAROL, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff on February 19, 2016 (Doc. 11) and the Motion for Recruitment of Counsel filed by Plaintiff on April 18, 2016 (Doc. 18).

The Motion to Compel is **DENIED**. Plaintiff seeks an Order directing the Illinois Department of Corrections, which is not a Defendant in this lawsuit, to take pictures of him in order to memorialize the injuries that Plaintiff allegedly suffered. There is no rule of law that would mandate that a non-party generate evidence to support a Plaintiff's claim. Once Defendants has filed a responsive pleading, a scheduling order will be entered in this matter setting forth various discovery deadlines.

The Motion for Recruitment of Counsel is **DENIED**. Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v.*

*County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff contacted two law firms, Gergory E. Kulis and Associates and Heller, Holmes, & Associates, in order to secure counsel without Court intervention. Even if merely contacting two firms is a sufficient attempt to acquire counsel without Court intervention, counsel will not be recruited in this matter. Plaintiff has alleged one claim, that Defendants failed to properly diagnose and treat a spider bite. Plaintiff's claim is simple and should not require extensive discovery beyond the medical record. Plaintiff has a high school education and is capable of reading and coherently writing in English. His Amended Complaint and attached grievance reveal that he is capable of setting forth a claim for relief, seeking redress, and prosecuting this matter without counsel.

**IT IS SO ORDERED.**

**DATED: April 18, 2016**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**