IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RALPH T. LINDER, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:15-CV-00992-NJR-DGW ) |
| NURSE CAROL, NURSE JUNE, NURSE DARLENE, P. FRANKLIN, and NURSE TRACY, L. KLUGEKA, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Donald G. Wilkerson (Doc. 44), recommending this matter be dismissed for want of prosecution. For the following reasons, the Court adopts the Report and Recommendation.

On November 5, 2015, Plaintiff Ralph Linder filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by medical personnel at Vienna Correctional Center when they failed to properly treat a spider bite (Doc. 12). The amended complaint asserts Defendants ignored his requests for medical attention, that the spider bite caused swelling, chest pain, and body pain, and that the wound was neither treated properly nor healed by the time Linder was transferred from Vienna to Pinckneyville Correctional Center (*Id.*).

On September 12, 2016, Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 37) and notified Linder of the

consequences of failing to respond. Linder did not respond to the motion for summary judgment. He did, however, verify the statements made in his amended complaint, which is the equivalent of an affidavit in this Circuit. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). Accordingly, on August 22, 2017, the Court entered an Order directing Magistrate Judge Wilkerson to hold an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to determine whether Linder's claims that he exhausted his administrative remedies were credible (Doc. 41). The Order also warned Linder that failure to appear at the *Pavey* hearing would result in dismissal of this action (*Id.*).

Magistrate Judge Wilkerson held a *Pavey* hearing on October 13, 2017 (Doc. 43). Notice of the hearing was sent to Linder, who is no longer incarcerated, via First Class U.S. Mail. There is no indication that notice of the hearing was returned as undeliverable. Defendants were represented by counsel; Linder did not appear.

On October 16, 2016, Magistrate Judge Wilkerson entered a Report and Recommendation recommending that this case be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Magistrate Judge Wilkerson noted that Linder failed to respond to summary judgment and failed to appear at the *Pavey* hearing, despite repeated warnings of the consequences of failing to take action. Judge Wilkerson also recommended that Defendants' motion for summary judgment be deemed moot. Objections to the Report and Recommendation were due November 2, 2017. No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b);

SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where no objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo*. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

The Court agrees with Magistrate Judge Wilkerson and finds no clear error in his conclusion that this case should be dismissed for want of prosecution. Rule 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. FED. R. CIV. P. 41(b); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Linder was twice ordered to appear at the *Pavey* hearing and, both times, was warned of the consequences for failing to do so (Docs. 41, 42). Linder's failure to comply with the Court's orders requires dismissal of this action.

For these reasons, the Court **ADOPTS** the Report and Recommendation entered by Magistrate Judge Donald G. Wilkerson (Doc. 44). Defendants' Motion for Summary Judgment (Doc. 37) is **DENIED as moot**, and this entire action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: November 3, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**